BANCO DE PUERTO RICO, ETC., Plaintiff and Appellee, *v.* TOMÁS RODRÍGUEZ ET AL., Defendants and Appellants; THE PEOPLE OF PUERTO RICO, Intervener.

No. 7390.    Decided July 12, 1938.

*Dubón & Ochoteco* for appellants.    *C. Domínguez Rubio* and *Luis Domínguez Rovira* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The reconsideration of our decision of May 13 last is requested on six grounds.

The first is that, since the promissory note on which the claim is based was signed on September 5, 1931, on which date the Uniform Negotiable Instruments Act, approved on April 22, 1930 (Session Laws, p. 172), which repealed section 532 of the Code of Commerce, was in force, the basis for the distinction between mercantile and non-mercantile notes

on which this court rested its decisions dealing with the application of the law of prescription had ceased to exist.

If the section repealed had been section 946 of the Code of Commerce and a new rule for prescription had been adopted, it would then have been necessary to construe the new rule, but so long as that section remains in force, it will be necessary to resort to the other provisions of the Code which were the product of the same legislative mind and to the decided cases, in order to fix the scope of its provisions. Therefore, in order to decide what "commercial promissory notes" are for the purposes of applying section 946 of the Code of Commerce, we must continue to take into consideration the definitions set forth by the lawmaker himself in another part of the code in question, even though that part may have been repealed, unless, of course, the contrary should have been expressly provided in the repealing act, and that is not the case here.

█ The second ground for reconsideration is that the reasoning of our decision is contrary to the spirit in which the uniform negotiable instruments statutes are universally inspired.

We agree that in dealing with this class of instruments uniformity, as well as the greatest simplicity, facility, security and universality should always be sought, but that does not mean that, with respect to the prescription of actions, well-known and established distinctions which go to the substance of the transaction may be abolished by judicial construction.

█ It is maintained in the third, fourth, fifth, and sixth grounds that even if Act No. 17 of April 22, 1930, amending the Code of Commerce, had not abolished, with regard to promissory notes to order, the requisite that they arise from mercantile transactions, this court still would have erred in deciding that the obligation in question was not mercantile and that the burden was on the defendants to prove that the note was not of that nature, in not applying section 462 of the Code of Civil Procedure and in not taking

into consideration in passing on the mercantile nature of the document the fact that a banking institution was a party to it.

In order to show that these contentions are not well founded, it would be sufficient to refer to our former decision published in this volume, *ante,* page 166. It was the defendants who alleged prescription as a defense. The plaintiff maintained that the promissory note which they signed and delivered to plaintiff was not a commercial note and that therefore the prescription of section 946 of the Code of Commerce, that is, the three year prescription which was invoked, was not applicable. Thus was the issue joined.

In analyzing the evidence, the lower court, as may be seen from the excerpts from its opinion quoted in ours, as well as this court, gave all due weight to the presumption, but concluded finally that the presumption was destroyed by the rest of the evidence. If there has been any obscurity it should be clarified in this sense. The defendants' own testimony instead of helping their case weakens it. It does not show the mercantile nature of the transaction between the parties, of which the document was the final expression, but rather the contrary.

The part of the opinion of this court which the defendants consider opposed to *stare decisis,* that is, that part of the penultimate paragraph which refers to the testimony of the defendants, does not have the scope which they attribute to it, but it seems well to say, in order to avoid deviations in the decisions, that we ratify the rule of the cases of *Barceló & Co., S. en C.* v. *Olmo,* 48 P.R.R. 239, *Pierluisi* v. *Monllor,* 42 P.R.R. 6, and *Blondet* v. *Garáu,* 47 P.R.R. 820, to which the defendants refer in their motion—cases which were cited and applied in the very decision which we are asked to reconsider—to wit:

"The character of the loan depends upon the character of the transaction itself as disclosed by the attendant circumstances or by the antecedent facts, not by the purpose for which it was made nor

by the manner in which the proceeds were invested or used." *Barceló & Co., S. en C.* v. *Olmo,* 48 P.R.R. 239, 241.

"Prior to the above two judgments, or on November 24, 1894, the same Court had already declared that promissory notes payable to order are not necessarily those the proceeds of which are to be used in business but those arising from commercial transactions, as the latter are the only ones legally to be considered as commercial instruments." *Pierliusi* v. *Monllor,* 42 P.R.R. 6, 15.

"This Court and the Supreme Court of Spain itself have declared that the promissory notes to order to which Section 532 of the Code of Commerce refers are not those the proceeds of which are to be used in business, but those *arising from commercial transactions,* words which the Supreme Court of Spain underlines in its judgment of November 24, 1894. . ." *Blondet* v. *Garáu,* 47 P.R.R. 820, 824–825.

The circumstance that one of the parties to the document was a bank, does not necessarily render the document mercantile in nature. Banks do not make mercantile loans only. Assuming that one of the parties in this case, the said bank, could be considered as a merchant, it would be sufficient for us to refer to the part of the case of *Barceló & Co., S. en C., supra,* which says:

"We can not agree with the court below that the original transaction between López and Carlos Olmo was a commercial transaction. A loan is not necessarily a commercial transaction. Neither López nor Carlos Olmo was a merchant at the time of the loan. If either had been a merchant, or if both had been merchants at the time of the loan, that fact would not have converted the loan into a commercial transaction."

The reconsideration sought must be denied.